1
2
3
4
5

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR CARR, | ) 1:14-cv-02074-LJO-BAM (PC) |
| Plaintiff, | ) <br> ) SCREENING ORDER DISMISSING <br> ) COMPLAINT WITH LEAVE TO AMEND |
| v. | ) (ECF No. 1) <br> ) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | ) <br> ) THIRTY-DAY DEADLINE <br> ) |
| Defendants. | ) <br> ) |

**I.      Screening Requirement and Standard**

Plaintiff Arthur Carr ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint, filed on December 29, 2014, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

1   conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937,

2   1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65

3   (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge

4   unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)

5   (internal quotation marks and citation omitted).

6        Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

7   liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338,

8   342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially

9   plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each

10  named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949

11  (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir.

12  2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere

13  consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at

14  678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

15  **II.**    **Plaintiff's Allegations**

16       Plaintiff is currently housed at the California Health Care Facility in Stockton, California.

17  The events in the complaint are alleged to have occurred at North Kern State Prison.  Plaintiff

18  names the following defendants:  (1) California Department of Corrections and Rehabilitation

19  (CDCR); (2) B. Duffy; (3) R. Robles; and (4) A. Leong.

20       Plaintiff alleges:  In May 2013, Plaintiff was interviewed by Dr. Robles, the A-Yard

21  Primary Clinic Doctor.  Plaintiff informed Dr. Robles that three days earlier he slipped on a

22  stairstep, his left rib came down hard on the stairway rail and he felt immediate pain.  Dr. Robles

23  responded that it could be cancer or a problem with Plaintiff's heart and ordered testing.  No x-

24  rays were taken of Plaintiff's left ribs and Dr. Robles did not treat Plaintiff for the pain in his

25  ribs.

26       In June 2013, Plaintiff was transferred to CSP-Sacramento for out-to-court proceedings

27  and placed in Administration Segregation.  While there, Plaintiff complained of pain and

28

1  shortness of breath.  Plaintiff was interviewed and scheduled for an x-ray.  However, before the

2  x-ray could be performed, Plaintiff was transferred back to North Kern State Prison.

3      Upon arrival at North Kern State Prison, Plaintiff notified Nurse J. Villanueva that he was

4  never x-rayed for pain to his left rib.  Nurse Villanueva directed Plaintiff to submit a 7362

5  Medical Request form for a doctor's interview.  Plaintiff was interviewed by Dr. Leong, who

6  ordered an x-ray of Plaintiff's rib.

7      On July 3, 2013, the Physician's Orders were sent out.

8      On July 8, 2013, a Notification of Diagnostic Test Results was issued by Dr. Leong.

9      On July 26, 2013, while awaiting the x-ray results, Plaintiff submitted a request for health

10  services regarding the x-ray and treatment for pain.

11      On July 31, 2013, Dr. Leong interviewed Plaintiff and informed him that his left 7th rib

12  was fractured.  Dr. Leong also apologized for failing to follow-up on treatment.  Dr. Leong

13  prescribed Tylenol-3.

14      On August 22, 2013, Plaintiff filed a CDCR Patient/Inmate Health Care 602 Appeal

15  alleging deliberate indifference to his serious medical needs.  The appeal was denied on October

16  4, 2013.  The denial was affirmed on October 7, 2013.  On February 20, 2014, Plaintiff

17  submitted his 602 to the third level.  The appeal was denied on June 4, 2014.

18      On May 8, 2014, Plaintiff filed an application to present a late claim to the Government

19  Claims Board.  On August 21, 2014, the Government Claims Board denied Plaintiff's application

20  for leave to present a late claim.

21      Plaintiff asserts violations of the Eighth Amendment against Defendants Robles and

22  Leong, along with state law claims against Defendants Robles, Leong, and CDCR.  As relief,

23  Plaintiff seeks compensatory and punitive damages.

24  **III.    Discussion**

25  **A.  Eleventh Amendment Immunity-CDCR as Defendant**

26  Plaintiff names CDCR as a defendant. However, the Eleventh Amendment erects a

27  general bar against federal lawsuits brought against the state. Wolfson v. Brammer, 616 F.3d

28  1045, 1065–66 (9th Cir. 2010) (citation and quotation marks omitted). While "[t]he Eleventh

1  Amendment does not bar suits against a state official for prospective relief," Wolfson, 616 F.3d

2  at 1065–66, suits against the state or its agencies are barred absolutely, regardless of the form of

3  relief sought, e.g., Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S.Ct.

4  900, 79 L.Ed.2d 67 (1984); Buckwalter v. Nevada Bd. of Medical Examiners, 678 F.3d 737, 740

5  n. 1 (9th Cir. 2012). Thus, Plaintiff may not maintain claims against CDCR.

6  **B.  Linkage Requirement**

7  The Civil Rights Act under which this action was filed provides:

8
9
10
> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

11  42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between

12  the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See

13  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v.

14  Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a]

15  person 'subjects' another to the deprivation of a constitutional right, within the meaning of

16  section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to

17  perform an act which he is legally required to do that causes the deprivation of which complaint

18  is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

19  Plaintiff fails to link Defendant Duffy to his claims.  If Plaintiff elects to amend his

20  complaint, he must allege what each individual defendant did or did not do that resulted in a

21  violation of his constitutional rights.

22  **C.  Supervisory Liability**

23  Insofar as Plaintiff appears to bring suit against Defendant Duffy based on a supervisory

24  role, he may not do so.  Supervisory personnel may not be held liable under section 1983 for the

25  actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v.

26  Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and

27  Rehab., 726 F.3d 1062, 1074–75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915–

28  16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally

4

1    involved in the constitutional deprivation, or (2) there is a sufficient causal connection between

2    the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977

3    (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074–75; Lacey, 693 F.3d at

4    915–16. "Under the latter theory, supervisory liability exists even without overt personal

5    participation in the offensive act if supervisory officials implement a policy so deficient that the

6    policy itself is a repudiation of constitutional rights and is the moving force of a constitutional

7    violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989))

8    (internal quotation marks omitted).

9         Plaintiff has not alleged that Defendant Duffy either was involved in the offensive acts or

10    initiated a deficient policy.  Given the nature of his claims, it does not appear that Plaintiff can

11    cure this deficiency by amendment.

12         **D.  Eighth Amendment**

13         Plaintiff attempts to assert multiple claims against Defendants Robles and Leong arising

14    from the Eighth Amendment, including violation of the prohibition against cruel and unusual

15    punishments, deliberate indifference to safety and deliberate indifference to serious medical

16    needs.  Plaintiff's assertion of Eighth Amendment violations is encompassed by his allegations

17    related to medical treatment.

18         The Eighth Amendment's prohibition against cruel and unusual punishment protects

19    prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041,

20    1045 (9th Cir. 2006).  Prison officials therefore have a "duty to ensure that prisoners are

21    provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson

22    v. Lewis, 217 F.3d 726, 731 (9th Cir.2000) (citations omitted).

23         "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an

24    inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d

25    1091, 1096 (9th Cir. 2006 ) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50

26    L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show

27    (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could

28    result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2)

1   "the defendant's response to the need was deliberately indifferent." <u>Jett</u>, 439 F.3d at 1096;

2   <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1122 (9th Cir. 2012).

3        Deliberate indifference is shown where the official is aware of a serious medical need and

4   fails to adequately respond. <u>Simmons v. Navajo County, Ariz.</u>, 609 F.3d 1011, 1018 (9th Cir.

5   2010). "Deliberate indifference is a high legal standard." <u>Simmons</u>, 609 F.3d at 1019; <u>Toguchi v.</u>

6   <u>Chung</u>, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from

7   which he could make an inference that "a substantial risk of serious harm exists" and he must

8   make the inference. <u>Farmer</u> v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979 (1994).

9        <u>Defendant Robles</u>

10        Plaintiff fails to state a cognizable deliberate indifference claim against Defendant

11   Robles.  At best, Plaintiff has alleged medical malpractice in the failure to properly diagnose

12   Plaintiff's injury, which is not sufficient to state a cognizable Eighth Amendment claim. <u>Estelle</u>,

13   429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even

14   gross negligence is insufficient to establish deliberate indifference to serious medical needs. <u>See</u>

15   <u>Wood v. Housewright</u>, 900 F.2d 1332, 1334 (9th Cir. 1990).

16        <u>Defendant Leong</u>

17        Plaintiff's Eighth Amendment claim against Defendant Leong appears to arise from the

18   delay in reviewing Plaintiff's x-rays.  According to exhibits attached to the complaint, Defendant

19   Leong ordered an x-ray on July 3, 2013.  (Ex. F to Compl.)  On July 8, 2013, Dr. Leong notified

20   Plaintiff that his test results had been evaluated and Plaintiff would be scheduled for a follow up

21   medical appointment in 7-14 days.  Plaintiff also was informed that he would receive a ducat

22   indicating his appointment time.  (Ex. G to Compl.)  Approximately 23 days later, on July 31,

23   2013, Dr. Leong saw Plaintiff, notified him of the x-ray results and prescribed pain medication.

24   (Ex. I to Compl.)

25        Plaintiff fails to state a cognizable deliberate indifference claim against Defendant Leong.

26   First, the delay in treatment was brief, taking place approximately nine days after the original

27   estimate.  Second, Plaintiff fails to allege or establish that Defendant Leong was responsible for

28

1   scheduling the follow up appointment or issuing the ducat.  Third, and finally, Plaintiff fails to

2   allege that Defendant Leong actions were deliberately indifferent to Plaintiff's medical needs.

3        **E.  State Law Claims**

4        The Government Claims Act requires that a tort claim against a public entity or its

5   employees be presented to the California Victim Compensation and Government Claims Board

6   (Board) no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2,

7   910, 911.2, 945.4, 950–950.2.  The Board has forty-five days to act on a claim or an application

8   for leave to file a late claim; and absent an extension by agreement, if the Board fails to act

9   within forty-five days, the claim is deemed rejected, or the application is deemed denied, on the

10  last day of the prescribed period. Cal. Gov't Code §§ 911.6, 912.4. If an application for leave to

11  file a late claim is denied, the claimant may petition the court for an order relieving him from

12  section 945.4. Cal. Gov't Code § 946.6.

13       According to the complaint, on May 8, 2014, Plaintiff filed an application to present a

14  late claim to the Board.  On August 21, 2014, the Board denied Plaintiff's application for leave

15  to present a late claim.  There is no indication that Plaintiff thereafter sought relief from section

16  945.4 by filing a petition in court.  Compliance with section 945.4 is a condition precedent to suit

17  and the failure to comply bars suits for money damages. DiCampli–Mintz v. County of Santa

18  Clara, 55 Cal.4th 983, 990-91, 289 P.3d 884, 150 Cal.Rptr.3d 111 (Cal. 2012); Shirk v. Vista

19  Unified Sch. Dist., 42 Cal.4th 201, 208–09, 164 P.3d 630, 64 Cal.Rptr.3d 210 (Cal. 2007); State

20  v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239, 90 P.3d 116, 13 Cal.Rptr.3d

21  534 (Cal.2004).

22       Plaintiff will be given leave to cure this deficiency to the extent he is able to do so in

23  good faith.

24       **IV.**    **Conclusion and Order**

25       For the above reasons, Plaintiff's complaint fails state a claim upon which relief may be

26  granted under section 1983.  The Court will provide Plaintiff with an opportunity to amend his

27  complaint to cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir.

28  2000).

1    Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what

2  each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal

3  rights.  Iqbal, 556 U.S. at 676.  Plaintiff also must set forth "sufficient factual matter . . . to 'state

4  a claim that is plausible on its face.'"  Id. at 678 (quoting Twombly, 550 U.S. at 555).

5    Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated

6  claims in his first amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no

7  "buckshot" complaints).

8    Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.

9  Lacey, 693 F.3d at 927.  Therefore, Plaintiff's amended complaint must be "complete in itself

10  without reference to the prior or superseded pleading."  Local Rule 220.

11    Based on the foregoing, it is HEREBY ORDERED that:

12    1.    The Clerk's Office shall send Plaintiff a complaint form;

13    2.    Plaintiff's complaint is dismissed for failure to comply with Federal Rule of Civil

14  Procedure 8 and for failure state a cognizable section 1983 claim.

15    3.    Within thirty (30) days from the date of service of this order, Plaintiff shall file a

16  first amended complaint; and

17    4.    **If Plaintiff fails to comply with this order, the Court will dismiss this action**

18  **for failure to obey a court order and for failure to state a claim.**

19

20  IT IS SO ORDERED.

21    Dated:   **June 15, 2015**        /s/ Barbara A. McAuliffe

22                        UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

8