# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR CARR, | 1:14-cv-02074-LJO-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION |
| v. | FOR FAILURE TO STATE A CLAIM |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | FOURTEEN-DAY DEADLINE |
| Defendants. | |

**I.     Screening Requirement and Standard**

Plaintiff Arthur Carr ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On June 15, 2015, the Court dismissed Plaintiff's complaint with leave to amend. Plaintiff's first amended complaint, filed on August 19, 2015, is currently before the Court for screening. (ECF No. 13).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at the California Health Care Facility in Stockton, California. The events in the complaint are alleged to have occurred at North Kern State Prison ("NKSP") in Delano, California. Plaintiff names Drs. Rolando Robles and Andrew Leong as defendants.

Plaintiff alleges: In May 2013, Plaintiff was interviewed by Dr. Robles at NKSP-Primary Clinic A-Yard. Plaintiff informed Dr. Robles that three days earlier he slipped on a stairstep, his left rib came down hard on the stairway rail and he felt immediate pain. Dr. Robles responded that it could be cancer or a problem with Plaintiff's heart and ordered testing. Dr. Robles did not order any treatment for the pain in Plaintiff's rib. However, Dr. Robles informed Plaintiff that he would follow-up upon the conclusion of testing. Plaintiff alleges that Dr. Robles did not follow-up to determine the cause of Plaintiff's pain or for further treatment.

In June 2013, Plaintiff was transferred to CSP-Sacramento for out-to-court proceedings and placed in Administration Segregation. While there, Plaintiff notified medical staff of the conditions of his ribs, the interview and treatment previously done by Dr. Robles, the prolonged

wait for his follow-up response and the continued pain.  CSP-Sacramento's medical staff were unaware of the Plaintiff's untreated medical condition.  CSP-Sacramento medical staff "determined to treat" Plaintiff's rib injury, but Plaintiff was transferred back to NKSP before that occurred.  (ECF No. 13 at p. 5).

Upon arrival at North Kern State Prison, Plaintiff notified Nurse J. Villanueva that he never received an x-ray of his left rib or any pain medication.  Plaintiff was scheduled for an interview with Dr. Leong.  On July 5, 2013, Plaintiff was interviewed by Dr. Leong, who scheduled an x-ray appointment with radiology.  On July 8, 2013, Dr. Leong issued a Notification of Diagnostic Test Results.

On July 26, 2013, while awaiting the x-ray results, Plaintiff submitted a request for health services regarding delay.  Thereafter, on July 31, 2013, Dr. Leong interviewed Plaintiff, acknowledged that he failed to follow-up, informed Plaintiff that his left 7th rib was fractured, and ordered Tylenol-3 for pain treatment.

Plaintiff asserts violations of the Eighth Amendment against Defendants Robles and Leong.  As relief, Plaintiff seeks compensatory and punitive damages.

**III.    Discussion**

**A. Eighth Amendment**

Plaintiff alleges that Defendants Robles and Leong were deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment.

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Prison officials therefore have a "duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir.2000) (citations omitted).

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006 ) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show

(1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979 (1994).

Defendant Robles

Plaintiff fails to state a cognizable deliberate indifference claim against Defendant Robles.  At best, Plaintiff has alleged medical malpractice in the failure to properly diagnose Plaintiff's injury.  This is not sufficient to state a cognizable Eighth Amendment claim.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).  The deficiencies in this claim cannot be cured by amendment.

Defendant Leong

Plaintiff fails to state a cognizable deliberate indifference claim against Defendant Leong. Plaintiff's Eighth Amendment claim against Defendant Leong appears to arise from the delay in reviewing Plaintiff's x-rays.  However, according to the complaint, Dr. Leong ordered an x-ray on July 3, 2013, which was completed by July 8, 2013.  Approximately 23 days later, on July 31, 2013, Dr. Leong saw Plaintiff, notified him of the x-ray results and prescribed pain medication. This brief delay in receiving pain medication and treatment for a broken rib by Dr. Leong is

insufficient to state a claim for deliberate indifference under the Eighth Amendment. <u>Frost v. Agnos</u>, 152 F.3d 1124, 1130 (9th Cir.1998) (alleged delays in administering prisoner's pain medication, in treating his broken nose, and in providing him with a replacement crutch failed to establish that prison officials acted with deliberate indifference in tending to prisoner's medical needs); <u>Wood</u>, 900 F.2d at 1335 (finding that a delay in treatment did not constitute an Eighth Amendment violation; delay did not cause "substantial harm" and condition did not require emergency attention). Further, there is no indication that Defendant Leong acted with deliberate indifference, and mere negligence does not constitute a constitutional violation. <u>Estelle</u>, 429 U.S. at 105-06.

### IV. Conclusion and Recommendation

For the above reasons, Plaintiff's complaint fails state a claim upon which relief may be granted under section 1983. Despite being provided with the relevant legal standards, Plaintiff has been unable to the cure the deficiencies in his complaint and further leave to amend is not warranted. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted under section 1983.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 9, 2016**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE